ROGERS *et al., Precinct Election Board,* v. REYNOLDS *et al.*

No. 6859.    Opinion Filed October 6, 1914.

(143 Pac. 515.)

**ELECTIONS**—Distribution of Counters—Construction of Statute. Section 3077, Rev. Laws 1910, construed, and held to provide for an equitable distribution of counters between all the organized political parties, not exceeding four, participating in the election.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County;*
*James W. Steen, Judge.*

Action by W. L. Reynolds and H. H. McFadden against C. L. Rogers and others, as the Precinct Election Board of the

Third Ward of the City of Kingfisher, Kingfisher County, Okla. Judgment for plaintiffs, and defendants bring error. Affirmed.

*Geo. L. Bowman,* for plaintiffs in error.

*P. S. Nagle,* for defendants in error.

KANE, C. J. This is a proceeding in error, commenced by the plaintiffs in error, as the precinct election board of the Third ward of the city of Kingfisher, to review the action of the trial court in so construing section 3077, Rev. Laws 1910, as to allow the Socialist party an equitable proportion of the official counters provided for by said section. The section reads:

"At a meeting of the precinct election board, on Friday, preceding the election, it shall be the duty of the board to appoint four official counters, who shall be electors of the precinct, and who shall be good penmen, and rapid in figures. Such counters shall be equitably distributed from the various political parties, but in no event shall more than three of them be from any one party, unless it is impossible to find a capable man to represent the minority party."

It is agreed that the defendant in error, plaintiff below, H. H. McFadden, the member of the Socialist party, offered by that party as an official counter, is in all respects qualified to fill such position, and that the precinct election board refused to appoint him solely upon the ground that, under the foregoing statute, only the two dominant parties (in that precinct, the Democratic and Republican parties) are entitled to official counters. The court below was of the opinion that the statute contemplates an equitable distribution of the official counters among all the organized political parties participating in the election, and rendered judgment in favor of the defendants in error.

This, we think, is a correct construction of the statute. It means, we take it, just what it says, that "such counters shall be equitably distributed from the various political parties." The language quoted speaks for itself; it needs no interpretation. In our judgment, there is absolutely no warrant, either from a consideration of its language or its context, for construing it to mean that such counters shall be equitably distributed from the

two dominant parties.  Of course, what constitutes an equitable distribution from the various parties is entirely within the sound discretion of the precinct election board, and their action cannot be interfered with by the courts unless it appears that it was a fraudulent or arbitrary exercise of power.  This phase of the case, however, is not before us now.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.